UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEGACY SPORTS BARBERSHOP LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 20 C 4149 |
| CONTINENTAL CASUALTY COMPANY, | ) ) | Judge Charles P. Kocoras |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant Continental Casualty Company's ("Continental") Motion to Dismiss Plaintiffs Legacy Sports Barbershop LLC ("Legacy Barbershop"), Legacy Barber Academy ("Legacy Academy"), and Panach Corp.'s ("Panach") (collectively, "Plaintiffs") First Amended Class Action Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies the motion.

## STATEMENT

For the purposes of this motion, the Court accepts as true the following facts from the FAC. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). All reasonable inferences are drawn in Plaintiffs' favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiffs are a barbershop, barbering school, and upscale hair salon that have similar insurance policies with Continental (the "Policies"). Legacy Barbershop and Legacy Academy are located in Virginia Beach, Virginia, while Panach is found in Santa Monica, California.

Plaintiffs bring this action seeking coverage under the Policies for losses suffered because of COVID-19. Plaintiffs seek coverage under the Policies' Business Income and Extra Expense coverage provisions, which supply coverage for losses as the result of "direct physical loss of or damage to the Covered Property." Plaintiffs also seek coverage under the Civil Authority coverage provision, which provides coverage for losses as the result of the government prohibiting access to the insured's premises due to "direct physical loss of or damage to" another property. Finally, Plaintiffs seek coverage under a "Sue and Labor" provision, which requires the insured to mitigate damages after a covered loss and keep a record of expenses "for consideration in the settlement of a claim."

Plaintiffs allege that the presence of COVID-19 on their premises required repairs and alterations to their properties. Specifically, Plaintiffs allege that they installed a new air filtration system, built a new outdoor patio to accommodate patrons outside, installed social distancing barriers and germ sanitation stations, and removed 60% of their workstations to allow for social distancing indoors. Additionally, Plaintiffs allege that the presence of COVID-19 at properties other than their own necessitated shutdown orders by the state governments, which prohibited access to their

properties. Plaintiffs allege that they lost business income and incurred extra expenses because of the presence of COVID-19 in their businesses, the necessary alterations, and state mandated closure orders.

Based on these events, Plaintiffs filed the FAC seeking a declaratory judgment that their losses are covered under the Business Income, Extra Expense, Civil Authority, and Sue and Labor provisions of the Policies. Additionally, Plaintiffs allege that Continental breached the Policies by denying coverage under those provisions. Continental now moves to dismiss Plaintiffs' FAC.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not supply detailed factual allegations, but it must supply enough factual support to raise its right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow. . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the. . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Continental argues that each of Plaintiffs' claims must be dismissed because there was no "physical loss of or damage to" the properties. Defendants also argue that any losses caused by a virus are excluded under the Policies. We address each issue in turn.

I. **Loss of or Damage to the Properties**

Under Illinois law,[1] the construction of an insurance policy is a question of law. *Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill. 2d 303, 311 (2006). An insurance policy is to be construed as a whole and requires the court to find and give effect to the true intentions of the contracting parties. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002) (applying Illinois law). "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." *Cent. Ill. Light Co. v. Home Ins. Co.*, 213 Ill.2d 141, 153 (2004). However, "[a] policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Founders Ins. Co. v. Munoz*, 237 Ill. 2d 424, 433 (2010).

---

[1] The parties cite to Illinois, Virginia, and California law. As the legal standards appear to be similar in each state, we cite to only Illinois law for clarity and readability for purposes of this motion only. *See Copp v. Nationwide Mut. Ins. Co.*, 279 Va. 675, 681 (2010) (noting standard for insurance policy interpretation); *Hartford Cas. Ins. Co. v. Swift Dist., Inc.*, 59 Cal.4th 277, 288 (2014) (same).

Each of Plaintiffs' claims hinges upon the meaning of "direct physical loss of or damage to" the Properties. Continental argues that there is no "loss of or damage to" the properties because that phrase requires physical damage or alteration, and Continental says Plaintiffs do not allege physical damage or alteration to the properties. Plaintiffs respond that allegations of physical damage or alteration are not needed and, even if they are, Plaintiffs have alleged just that. While we agree with Continental that the Policies' language requires physical damage or alteration, we believe Plaintiffs have alleged the requisite physical damage and alteration.

We previously held that "physical loss of or damage to" property requires "physical alteration or structural degradation of the property." *Bradley Hotel Corp. v. Aspen Specialty Insurance Co.*, 2020 WL 7889047, at *3 (N.D. Ill. 2020) (quoting *Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, 2020 WL 5630465, at *2 (N.D. Ill. 2020)). This conclusion is still in accordance with many courts in this District and around the country, and we reaffirm it today. *See id.* Thus, we believe a plaintiff needs to allege that their property underwent a "distinct, demonstrable, physical alteration" as the result of COVID-19. *See 10E, LLC v. Travelers Indemnity Co. of Conn.*, 483 F. Supp. 3d 828, 836 (C.D. Cal. 2020).

We granted the motion to dismiss in *Bradley Hotel* because the plaintiff only alleged the loss of use of their property, and not any physical damage or a tangible alteration. Plaintiffs here, however, allege more than just loss of use. Plaintiffs allege that COVID-19 was present on their properties and that their properties underwent

5

physical alterations. For example, Plaintiffs allege that, as a result of the presence of COVID-19, they needed to build a new outdoor patio, install social distancing barriers and germ sanitation stations, and remove work stations in order to promote proper social distancing. Thus, we believe that Plaintiffs have sufficiently alleged that the Properties underwent a "distinct, demonstrable, physical alteration" and therefore suffered "physical loss of or damage to" the Properties. The Motion to Dismiss on this basis is thus denied.

## II. Policy Exclusion

Defendants next argue that any losses due to COVID-19 are excluded from coverage. "The burden is on the insurer to establish that a policy exclusion applies, and its applicability must be definite and free from doubt." *Czapski v. Maher*, 2011 IL App (1st) 100948, ¶ 17. We previously dismissed claims under insurance policies in the COVID-19 context that involved unequivocal virus exclusions. *See Riverwalk Seafood Grill, Inc. v. Travelers Cas. Ins. Co. of Amer.*, 2021 WL 81659 (N.D. Ill 2021), at *3; *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 2021 WL 679227, at **2–3 (N.D. Ill. 2021). The policies in those cases excluded from coverage "loss or damage caused by or resulting from any virus." *Mashallah*, 2021 WL 679227, at *2. We found that this language is "clear, sweeping, and all-encompassing" and therefore any losses suffered due to COVID-19 were excluded from coverage under the policies. *Id.* (quoting *Riverwalk Seafood*, 2021 WL 81659, at *3); *see also M&E Bakery Holdings, LLC v. Westfield Nat'l Ins. Co.*, 2021 WL 1837393, at *4 (N.D. Ill. 2021) (citing *Riverwalk*

6

*Seafood* and *Mashallah* approvingly and granting motion to dismiss due to an unambiguous virus exclusion).

Here, however, we do not believe that the policy language is "clear, sweeping, and all-encompassing" or that its applicability is "definite and free from doubt." The Policies do not specifically exclude from coverage damage caused by viruses, but instead exclude from coverage damage caused by the "[p]resence, growth, proliferation, spread or any activity of 'fungi,' wet or dry rot, or 'microbes.'" Dkt. 19-1, pg. 96; Dkt. 19-2, pg. 104. "Microbes" are defined as "any non-fungal micro-organism or non-fungal, colony-form organism that causes infection or disease." Dkt. 19-1, pg. 96; Dkt. 19-2, pg. 104. The exclusion, though, says that "'microbe' does not mean microbes that were transmitted directly from person to person." Dkt. 19-1, pg. 96; Dkt. 19-2, pg. 104.

Thus, it is not clear to us whether "microbe" as defined under the Policies includes a virus such as SARS-CoV-2 because that virus, of course, can spread from person to person. We therefore do not believe Continental has established that the claims are excluded from coverage at this stage.

In sum, we believe that Plaintiffs have alleged that they may be entitled to coverage under the Policies. "The Court emphasizes that Plaintiffs have merely pled enough facts to proceed with discovery. Discovery will shed light on the merits of Plaintiffs' allegations, including the nature and extent of COVID-19 on their premises." *Studio 417, Inc. v. Cincinnati Ins. Co.*, 478 F. Supp. 3d 794, 805 (W.D. Mo. 2020).

Accordingly, Continental's Motion to Dismiss is denied.

## CONCLUSION

For the reasons stated above, the Court denies Continental's motion to dismiss (Dkt. # 24). Continental must answer the FAC within 21 days of this Order. Telephonic status is set for July 13, 2021 at 10:40 a.m. It is so ordered.

Dated: 6/1/2021

_____
Charles P. Kocoras
United States District Judge